# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| STATE OF MISSISSIPPI, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | Consolidated |
| | ) | Nos. 19-231L/19-258L/19-1968L/ |
| v. | ) | 19-1812L/20-30L/21-820L |
| | ) | (Filed: September 22, 2022) |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

**ORDER**

Before the Court is Plaintiffs' motion to strike the navigational servitude defense from the government's amended answers. See Pls.' Mot. to Strike ("Pls.' Mot."), ECF No. 135. Plaintiffs contest the merits of the defense. Id. at 2–6. They also argue that the defense is too vague and that they cannot prepare to refute it. Id. at 6–10. The Court considered similar arguments from Plaintiffs only two months ago. It rejected the arguments then. It will reject them again now.

This summer, the government sought the Court's leave to add the defense to its answers. See Def.'s Mot. for Leave to Amend Answers, ECF No. 112. The government claimed that it had learned through discovery that the navigational servitude may reach lowland portions of at least some of the bellwether plaintiffs' properties. Id. at 6. The government asked to "preserve" the defense ahead of expert discovery, when it could determine precisely which portions of the properties sit below the "ordinary high water mark" and within the navigational servitude. Id. at 1, 5, 7.

Plaintiffs opposed the government's request. See Pls.' Opp'n to Def.'s Mot. to Amend Answers, ECF No. 121. The parties presented arguments at a hearing in mid-July. See Tr. of Oral Arg. at 27:13–51:6, ECF No. 134. The Court sided with the government. See id. at 51:7–51:14; Order, ECF No. 128. The government soon after filed amended answers that included the new defense: "Plaintiffs' claims are barred, at least in part, by the Federal navigational servitude." Def.'s Am. Answers at 14, ECF Nos. 131–32. Now Plaintiffs again challenge the navigational servitude defense, this time moving to strike it from the government's pleadings. See generally Pls.' Mot.

Rule 12(f) of the Rules of the Court of Federal Claims permits the Court to "strike from a pleading an insufficient defense." But "courts disfavor motions to strike and grant them rarely." Hardy v. United States, 153 Fed. Cl. 624, 626 (2021). In particular, courts should deny a motion to strike a defense if the "sufficiency of [the] defense depends on disputed issues of fact or

questions of law." Reunion, Inc. v. United States, 90 Fed. Cl. 576, 581 (2009) (quoting Sys. Fuels, Inc. v. United States, 73 Fed. Cl. 206, 216 (2006)). Courts also deny motions to strike "where the moving party is unable to show prejudice or confusion." Waltner v. United States, 98 Fed. Cl. 737, 766 (2011) (quoting Info. Scis. Corp. v. United States, 86 Fed. Cl. 269, 276 n.1 (2009)).

Here, the sufficiency of the navigational servitude defense hinges on contested questions of law and fact. Plaintiffs argue that the defense is insufficient because it does not claim that their properties embrace waterways that are "in fact navigable" while in their "ordinary condition." Pls.' Mot. at 6. These are necessary elements of the navigational servitude, Plaintiffs say. Id. at 2. Because the government "cannot plausibly contend" that their properties "are navigable 'in fact' in their 'natural state,'" Plaintiffs continue, the navigational servitude defense is meritless. Id. at 4 (quoting Boone v. United States, 944 F.2d 1489, 1495 (9th Cir. 1991)).

Plaintiffs made a similar argument this summer. See Pls.' Opp'n to Def.'s Mot. to Amend Answers at 3–12. They attacked the merits of the defense by arguing that the government's definition of the navigational servitude is wrong and that the servitude does not stretch over their properties. See id. According to Plaintiffs, the "active channel" or banks of the Mississippi River, rather than the average high-water line, confine the navigational servitude. Id.

The Court, however, declined to decide the merits of the defense. Tr. of Oral Arg. at 39:15–39:16. Doing so now would require the Court to evaluate competing conceptions of the navigational servitude and define its scope. The Court would also need to determine whether and to what extent the servitude covers portions of Plaintiffs' properties. The Court will resolve disputes over these issues of law and fact at a later stage in this case, if necessary. But the Court will not resolve them in response to a motion to strike a defense whose sufficiency rests on these very questions of law and fact. See Reunion, 90 Fed. Cl. at 581.

Nor will the Court grant Plaintiffs' motion to prevent prejudice or confusion. Plaintiffs maintain that the defense lacks sufficient detail. Pls.' Mot. at 9. "It is not possible to fathom what the [government] intends to prove," Plaintiffs say. Id. They contend that they cannot adequately oppose the defense without more information. Id. Likewise, Plaintiffs argued earlier that the government's description of the defense was "exceptionally vague." Pls.' Opp'n to Def.'s Mot. to Amend Answers at 20. They also argued that requiring them to invest additional time and money in marshalling experts to oppose the defense was prejudicial. Id. at 18–20.

The Court found no undue prejudice before, noting that the parties could use the upcoming expert discovery period to assess the bounds of the navigational servitude. See Tr. of Oral Arg. at 45:17–47:9. Moreover, the Court doubts that the navigational servitude defense has befuddled Plaintiffs. The government advertised its contention that the navigational servitude extends to the average high-water line. See id. at 28:22–32:1; Def.'s Mot. for Leave to Amend Answers at 4–5. It also said that its experts will determine the high-water line "at each of Plaintiffs' individual properties." Tr. of Oral Arg. at 32:24–33:2; see also Def.'s Mot. for Leave to Amend Answers at 5 ("Experts . . . make a determination of the ordinary high water mark for a particular property.").

questions of law." Reunion, Inc. v. United States, 90 Fed. Cl. 576, 581 (2009) (quoting Sys. Fuels, Inc. v. United States, 73 Fed. Cl. 206, 216 (2006)). Courts also deny motions to strike "where the moving party is unable to show prejudice or confusion." Waltner v. United States, 98 Fed. Cl. 737, 766 (2011) (quoting Info. Scis. Corp. v. United States, 86 Fed. Cl. 269, 276 n.1 (2009)).

Here, the sufficiency of the navigational servitude defense hinges on contested questions of law and fact. Plaintiffs argue that the defense is insufficient because it does not claim that their properties embrace waterways that are "in fact navigable" while in their "ordinary condition." Pls.' Mot. at 6. These are necessary elements of the navigational servitude, Plaintiffs say. Id. at 2. Because the government "cannot plausibly contend" that their properties "are navigable 'in fact' in their 'natural state,'" Plaintiffs continue, the navigational servitude defense is meritless. Id. at 4 (quoting Boone v. United States, 944 F.2d 1489, 1495 (9th Cir. 1991)).

Plaintiffs made a similar argument this summer. See Pls.' Opp'n to Def.'s Mot. to Amend Answers at 3–12. They attacked the merits of the defense by arguing that the government's definition of the navigational servitude is wrong and that the servitude does not stretch over their properties. See id. According to Plaintiffs, the "active channel" or banks of the Mississippi River, rather than the average high-water line, confine the navigational servitude. Id.

The Court, however, declined to decide the merits of the defense. Tr. of Oral Arg. at 39:15–39:16. Doing so now would require the Court to evaluate competing conceptions of the navigational servitude and define its scope. The Court would also need to determine whether and to what extent the servitude covers portions of Plaintiffs' properties. The Court will resolve disputes over these issues of law and fact at a later stage in this case, if necessary. But the Court will not resolve them in response to a motion to strike a defense whose sufficiency rests on these very questions of law and fact. See Reunion, 90 Fed. Cl. at 581.

Nor will the Court grant Plaintiffs' motion to prevent prejudice or confusion. Plaintiffs maintain that the defense lacks sufficient detail. Pls.' Mot. at 9. "It is not possible to fathom what the [government] intends to prove," Plaintiffs say. Id. They contend that they cannot adequately oppose the defense without more information. Id. Likewise, Plaintiffs argued earlier that the government's description of the defense was "exceptionally vague." Pls.' Opp'n to Def.'s Mot. to Amend Answers at 20. They also argued that requiring them to invest additional time and money in marshalling experts to oppose the defense was prejudicial. Id. at 18–20.

The Court found no undue prejudice before, noting that the parties could use the upcoming expert discovery period to assess the bounds of the navigational servitude. See Tr. of Oral Arg. at 45:17–47:9. Moreover, the Court doubts that the navigational servitude defense has befuddled Plaintiffs. The government advertised its contention that the navigational servitude extends to the average high-water line. See id. at 28:22–32:1; Def.'s Mot. for Leave to Amend Answers at 4–5. It also said that its experts will determine the high-water line "at each of Plaintiffs' individual properties." Tr. of Oral Arg. at 32:24–33:2; see also Def.'s Mot. for Leave to Amend Answers at 5 ("Experts . . . make a determination of the ordinary high water mark for a particular property.").

For their part, Plaintiffs already forecast how they may refute the defense—namely, by establishing that the high-water line does not demarcate the navigational servitude or, alternatively, that no portions of their properties sit below that line. See Tr. of Oral Arg. at 44:8–45:3. The Court concludes, therefore, that the navigational servitude defense has neither prejudiced nor confused Plaintiffs. See Waltner, 98 Fed. Cl. at 766.

For the foregoing reasons, Plaintiffs' motion, ECF No. 135, is **DENIED**.

**IT IS SO ORDERED.**

                                           s/ Elaine D. Kaplan
                                           ELAINE D. KAPLAN
                                           Chief Judge