# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| STATE OF MISSISSIPPI, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | Consolidated |
| | ) | Nos. 19-231L/19-258L/19-1968L/ |
| v. | ) | 19-1812L/20-30L/21-820L |
| | ) | (Filed: December 6, 2022) |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

John W. (Don) Barrett, Barrett Law Group, P.A., Lexington, Mississippi, with whom was Patrick W. Pendly, Pendley, Baudin & Coffin, L.L.P, Plaquemine, Louisiana. Jonathon W. Cuneo, Cuneo Gilbert & Laduca, LLP, Washington, DC, Mark H. Dubester, Cuneo Gilbert & Laduca, LLP, Washington, DC, Jennifer E. Kelly, Cuneo Gilbert & Laduca, LLP, Washington, DC, David McMullan, Jr., Barrett Law Group, P.A., Lexington, Mississippi, Jerry Abdalla, Abdalla Law, PLC, Ridgeland, Mississippi, Robert J. Cynkar, McSweeney, Cynkar & Kachouroff, PLLC, Great Falls, Virginia, William F. Blair, Blair & Bondurant, P.A., Jackson, Mississippi, Richard Barrett, Law Office of Richard R. Barrett, PLLC, Oxford, Mississippi, Larry D. Moffett, Law Office of Larry D. Moffett, PLLC, Oxford, Mississippi, Of Counsel.

Davené D. Walker, U.S. Department of Justice, Environmental Resources Division, Washington, DC, with whom were Brent Allen, U.S. Department of Justice, Environmental Resources Division, Washington, DC, Lucas Lallinger, U.S. Department of Justice, Environmental Resources Division, Washington, DC, and Todd Kim, Assistant Attorney General, Environment & Natural Resources Division, for Defendant.

**OPINION AND ORDER**

**KAPLAN, Chief Judge.**

On November 21, 2022, the Court denied Plaintiffs' request to compel production of 297 emails withheld by the government pursuant to the deliberative process privilege. See Order Regarding Discovery Disputes and Amending Schedule, ECF No. 151, at 1. The Court also indicated that it would set forth its reasons for denying Plaintiffs' request in a subsequent opinion. See id. It will do so here.

During discovery in this case, Plaintiffs sought documents related to the government's Old River Control Complex ("ORCC"), Mississippi River, Atchafalaya River, and Red River Technical Assessment ("OMAR Assessment"). That assessment was undertaken at least in part to help the Army Corps of Engineers decide whether changes to the operation and management

of the ORCC are in order. See Order Denying Pls.' Mot. to Compel, ECF No. 130, at 1. Earlier in this litigation, the Court held that the deliberative process privilege may apply to agency documents related to the OMAR Assessment if those documents met the criteria for asserting the privilege. See id. at 1–2 (laying out guidelines for asserting the privilege). However, the Court also noted that the privilege may be overcome if Plaintiffs could make the requisite showing. See id. at 2.

The government withheld 297 emails as protected by the privilege and Plaintiffs subsequently indicated that they would seek production of those emails. See Joint Status Report, ECF No. 141, at 13; see also Pls.' Status Report, ECF No. 147, at 19–20 (reiterating their request). But Plaintiffs did not identify any individual emails or engage in a document-by-document analysis regarding their interest in the contents of the emails or the government's interest in maintaining their secrecy. See Joint Status Report at 13–17. Rather, they rested their demand for the documents on the fact that the emails were sent by potential witnesses in the case. Plaintiffs argued that they had a compelling need to have access to the documents so that they could cross-examine those witnesses. See id. at 14. Plaintiffs also argued that the balance was tipped in favor of disclosure by the fact that this case involves allegations regarding violations of constitutional rights. See id. at 17.

The deliberative process privilege protects internal, pre-decisional discussions among government officials that "compris[e] part of a process by which governmental decisions and policies are formulated." Dep't of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001) (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975)). The privilege exists to allow candid discussion among government officials and to "protect[] open and frank discussion among those who make [agency decisions] within the Government." Klamath Water Users Protective Ass'n, 532 U.S. at 8–9. In essence, courts acknowledge that agency officials should be able to communicate freely in order to formulate what they view as ideal policy without fearing that their communications may become "a potential item of discovery and front page news." Id. at 9.

Nonetheless, opposing parties have a countervailing interest "in the production of evidence needed to establish truth through litigation; our '[adversarial] system requires development of all relevant facts to produce real justice through due process.'" Dairyland Power Coop. v. United States, 77 Fed. Cl. 330, 336 (2007) (quoting Cetron Elec. Corp. v. United States, 207 Ct. Cl. 985, 989 (1975)). For that reason, the deliberative process privilege is qualified, and the challenging party may overcome an assertion of the privilege where they make a sufficient showing of need for the documents at issue. See id. at 338 n.4; see also Kearney Partners Fund, LLC ex rel. Lincoln Partners Fund, LLC v. United States, 2013 WL 1966967, at *5 (M.D. Fla. May 13, 2013).

Courts consider five factors in assessing whether to override the privilege: "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." In re Subpoena Served upon Comptroller of Currency, 967 F.2d 630, 634 (D.C. Cir. 1992) (citation omitted) (quoting In re Franklin Nat'l

Bank Sec. Litig., 478 F. Supp. 577, 583 (E.D.N.Y. 1979)); see also Dairyland Power Coop., 77 Fed. Cl. at 338 (using the same language); Sourgoutsis v. United States, 323 F.R.D. 100 109 (D.D.C. 2017).

Here, Plaintiffs have not made the requisite showing of need for the documents. Crucially, Plaintiffs have not engaged in any document-by-document analysis, nor have they attempted to show a particularized need for any specific document. Courts cannot override the deliberative process privilege in the aggregate; parties must challenge documents individually and explain why their need for each document outweighs the government's interest in maintaining its secrecy. See, e.g., In re United States, 678 F. App'x 981, 989–94 (Fed. Cir. 2017) (assessing documents individually); United Affiliates Corp. v. United States, 154 Fed. Cl. 335, 343 (2021) ("The Court cannot resolve this dispute at this point without knowing the specific documents Plaintiffs assert should be produced and the Government's objections to producing the specific documents.").

In this case, Plaintiffs' primary justification for seeking the privileged emails is that they might be useful in cross-examining the witnesses who authored or received them. See Joint Status Report at 14–16. But the government points out, and Plaintiffs do not deny, that they have already received numerous documents, emails, etc. that they can use when questioning the government's witnesses.

Further, parties would always wish to have privileged documents available to them for the purposes of questioning witnesses or challenging their credibility. Yet this Court is unaware of any cases in which the deliberative process privilege has been overridden on this basis. To the contrary, in EEOC v. Cont'l Airlines, Inc., 395 F. Supp. 2d 738, 744 (N.D. Ill. 2005), for example, the court declined to override the deliberative process privilege even where a deponent testified that he relied on the withheld document in preparation for his deposition. Here, Plaintiffs have not even made that showing—they have not shown (nor could they) that any potential witnesses will rely on any withheld emails or that their testimony will contradict anything contained therein. Plaintiffs have also not shown that any email is especially relevant, or that it contains evidence that cannot be obtained elsewhere, or that its production will not result in future timidity by government officials. The bare assertion of the need to cross-examine witnesses is simply not enough to override the privilege.

For these reasons, the Court **DENIES** Plaintiffs' request for the production of 297 emails withheld pursuant to the deliberative process privilege.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge