# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| STATE OF MISSISSIPPI, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | Consolidated Nos. 19-231L/19-258L/19-1968L/ |
| v. | ) ) | 19-1812L/20-30L/21-820L |
| THE UNITED STATES OF AMERICA, | ) ) | (Filed: January 10, 2023) |
| Defendant. | ) ) ) | |

**ORDER**

In their joint status report of December 7, 2022, the parties advised the Court that they are unable to resolve certain disagreements regarding the government's most recent assertions of privilege as reflected in its November 5, 2022 privilege log. Joint Status Rep. ("JSR"), ECF No. 157; id. Ex. A (government's privilege log), ECF No. 157-1. Specifically, Plaintiffs allege that the Declaration of Major General Diana M. Holland accompanying the privilege log is deficient because it does not explain why the government withheld virtually all of its documents with privileged information in full rather than redacting them to segregate privileged information and non-privileged information. See JSR at 3–4. They also object to the government's withholding of twenty documents associated with topics other than the OMAR Assessment as well as documents prepared by its potential witnesses and emails to or from them. See id. at 6–7. The Court addresses each of these issues below.

**I.     Documents Withheld in Full Rather Than Redacted**

Plaintiffs, as noted, challenge the sufficiency of Major General Holland's declaration because it does not explain why the vast majority of the documents identified as protected by the

deliberative process privilege in the log were withheld in their entirety, as opposed to being released in redacted form. See JSR at 2–4. They point out that a number of the documents withheld in their entirety were lengthy drafts of studies or reports. They contend that "[i]t is certain that documents of this length contain vast portions consisting of routine or background historical facts giving rise to the project at hand, routine discussions of scientific processes or methods, and portions that make no recommendations in the nature of 'deliberations' by any meaningful understanding of that term." Id. at 4.

The Court agrees with Plaintiffs that it seems highly unlikely that all of the information in the draft reports and other lengthy documents withheld in their entirety is privileged. Draft documents may contain both privileged material that reveals aspects of an agency's decision-making process, and non-privileged material, such as purely factual information. To be sure, in some cases, facts themselves "may be covered by the privilege 'to avoid indirect revelation of the decision making process.'" In re Upstream Addicks & Barker (Texas) Flood-Control Reservoirs, 152 Fed. Cl. 114, 123 (2021) (quoting Alpha I, L.P. ex rel. Sands v. United States, 83 Fed. Cl. 279, 288 (2008)). But "[t]he proper way for the government to address concerns regarding the disclosure of these facts . . . is to produce the draft documents with redactions, not to withhold them completely." Id.

Rule 26(b)(5)(A)(ii) of the Rules of the Court of Federal Claims ("RCFC") states that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Yet Major General Holland's declaration contains no explanation regarding the process she used to

determine whether portions of any of the documents withheld in their entirety also contained non-privileged information. See JSR Ex. B (Decl. of Maj. Gen. Diana M. Holland Asserting Deliberative Process Privilege), ECF No. 157-2. And she does not assert either expressly or impliedly that the documents withheld in their entirety contained no segregable non-privileged information. In the Court's view, RCFC 26(b)(5)(A)(ii) requires that the government provide an explanation regarding how it determined that none of the documents withheld in their entirety contained segregable non-privileged information. And to the extent that Plaintiffs wish to receive a more targeted explanation as to particular documents withheld in their entirety, the government should provide it.

In the JSR, the government asserts that "[a]s an initial matter, segregable information need only be provided where it is not available elsewhere" and that an agency is not required "to redact a document to produce information that has already been disclosed." JSR at 11. But there is nothing in either Major General Holland's declaration or the privilege log stating that any part of the information being withheld has already been provided to Plaintiffs.

In the correspondence between the parties regarding this issue, the government offered to address the concerns Plaintiffs have raised by reviewing some limited number of the documents withheld to determine if it could provide portions of those documents in redacted form. In the JSR, the Plaintiffs state that—without waiving "the larger issue of wholesale improper assertion of privilege to withhold full documents"—they have identified 20 documents for further review. Id. at 10 n.12. The government was in the process of reviewing those documents at the time the JSR was filed. Id. at 11 n.14.

Of course, the time to review whether portions of the documents withheld could be disclosed in redacted form was at the time the privilege log was prepared. At this point, while the

Court expects Plaintiffs to exercise good judgment in determining which additional documents need further review, it agrees that Plaintiffs should be able to demand such a review of any of the documents withheld in their entirety. The Court's Order below provides more specific instructions and deadlines for the parties to resolve any continued disputes regarding whether at least some of the documents should be provided to Plaintiffs in redacted form.

**II.     Documents Not Directly Related to the OMAR Assessment**

As noted above, the government has withheld 20 documents that are associated with topics other than the OMAR Assessment. In her declaration, Major General Holland described these documents as "preliminary draft materials that may be indirectly related to, but not directly arising from, the OMAR Assessment." JSR Ex. B ¶ 1. Plaintiffs argue that all these documents must be disclosed because there is nothing in the government's privilege log or Major General Holland's declaration that explains what decision these documents relate to, as is necessary to analyze whether they are pre-decisional and deliberative. JSR at 6.

In her declaration, Major General Holland characterized sixteen of the twenty documents as "iterations of drafts or coordination concerning drafts of implementation guidance for a new [United States Corps of Engineers ("USACE")] study authorization contained in 2020 legislation." JSR Ex. B ¶ 7.  The Court understands this to mean that the sixteen documents reflect internal deliberations amongst USACE staff about how the agency should implement a statutorily authorized study, with the final goal being the issuance of written guidance. The decision at issue is therefore what guidance to provide staff regarding the implementation of a statute. This kind of information fits squarely within the coverage of the deliberative process privilege.

Major General Holland further states that the remaining four documents "pertain to an internal draft sediment management plan, an internal draft white paper concerning the Atchafalaya River and Basin, a set of internal agency comments on the draft white paper, or notes reflecting internal meeting discussions and comments on various projects in the Lower Mississippi Valley." Id. According to Major General Holland, the four documents are "drafts circulated internally for review and comment" which she asserts "are pre-decisional because agency decision-making on the documents is ongoing, or was ongoing at the time these drafts or comments were circulated, and the documents are deliberative because the drafts, proposed revisions, and comments reflect individual author opinions or recommendations that do not necessarily align with the Agency's position." Id.

As the Court noted in its order denying Plaintiff's motion to compel, draft documents are generally privileged. See Order at 2, ECF No. 130. The fact that these drafts relate only indirectly to the OMAR Assessment does not affect their privileged status. The Court therefore rejects Plaintiffs' arguments that the government must release all documents that are not directly related to the OMAR assessment.

### III. Witness Documents

In the JSR, Plaintiffs reiterate their argument that—as to documents prepared by witnesses that the government intends to call, or emails to and from such witnesses—the Court should hold the deliberative process privilege overcome. See JSR at 7–8. The Court declines to reconsider its previous decision that Plaintiffs' interest in having access to these documents overrides the deliberative process privilege. See generally Op. Denying Pls.' Request for Docs., ECF No. 156.

## CONCLUSION

On the basis of the foregoing, within 10 days from the date of this Order, the government shall provide Plaintiffs with a revised declaration from Major General Holland that explains the process the Corps employed in determining to withhold documents in their entirety, rather than in redacted form. Thereafter, the parties shall confer over the next 10 days regarding whether specific documents the Plaintiffs identify can be redacted to segregate non-privileged material. If Plaintiffs remain dissatisfied with the government's failure to provide documents in redacted form, the Court will entertain a motion to review a subset of the documents in camera.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge
