# In the United States Court of Federal Claims

|  |  |
|---|---|
| STATE OF MISSISSIPPI, *et al.*, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) | Consolidated <br> Nos. 19-231L / 19-258L / 19-1812L / 19-1968L / 20-30L / 21-820L <br><br> (Filed: September 8, 2023) |

John W. ("Don") Barrett, Barrett Law Group, P.A., Lexington, Mississippi, with whom was Patrick W. Pendly, Pendly, Baudin & Coffin, LLP, Plaquemine, Louisiana, for Plaintiff. Jonathan W. Cuneo, Cuneo Gilbert & Laduca, LLP, Washington, DC, Mark H. Dubester, Cuneo Gilbert & Laduca, LLP, Washington, DC, Jennifer E. Kelly, Cuneo Gilbert & Laduca, LLP Washington, DC, Sterling Aldridge, Barrett Law Group, P.A., Lexington, Mississippi, David McMullan, Jr., Barrett Law Group, P.A., Lexington, Mississippi, Jerry Adballa, Adballa Law, PLC, Great Falls, Virginia, William F. Blair, Blair & Bondurant, P.A., Jackson, Mississippi, Richard Barrett, Law Office of Richard R. Barrett, PLLC, Oxford, Mississippi, Robert J. Cynkar, McSweeney, Cynkar, & Kachouroff, PLLC, Great Falls, Virginia, and Larry D. Moffett, Law Office of Larry D. Moffett, PLLC, Oxford, Mississippi, Of Counsel.

Brian R. Herman, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, with whom were Peter W. Brocker, U.S. Department of Justice, Environmental & Natural Resources Division, Washington, DC, Daniel Luecke, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, Frances Morris, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, and Todd Kim, Assistant Attorney General, Environment & Natural Resources Division, Washington, DC, for Defendant.

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

This case is currently before the Court on the government's Motion to Exclude the Testimony and Opinions of Plaintiffs' Expert David Wilkerson ("Def.'s Mot."), ECF No. 173. For the reasons set forth below, the government's motion is **DENIED**.

## DISCUSSION

Plaintiffs' expert David Wilkerson is an attorney who has practiced real estate law in Wilkinson County, Mississippi, for over twenty-seven years. Def.'s Mot. Ex. A ("Wilkerson Report") at 4, ECF No. 173-1. In addition to his private practice, Mr. Wilkerson served as Wilkinson County Chancery Clerk from August 2018 to December 2019 and currently works as the Wilkinson County Administrator. Id. Mr. Wilkerson's report states that he has "extensive experience in real estate transactions in Wilkinson County, including surface estate and oil, gas and mineral transactions." Id. He was engaged by Plaintiffs to write a report "regarding the common separation of the surface and mineral estates in Wilkinson County based upon [his] experience as a practicing real estate attorney in Woodville, Mississippi for the last 28 years." Id.

In the Opinions section of his report, Mr. Wilkerson begins with a background discussion of what appears to be black-letter law governing the status of mineral estates in Mississippi. He explains that, under the law, a mineral estate may be severed from the surface estate, that such severance creates "two separate and distinct estates, the dominant mineral estate and the servient surface estate," and that the owner of the mineral estate has certain rights under Mississippi law to use the surface for exploration and extraction. Id. at 5 (citations omitted).

Mr. Wilkerson then provides several general observations concerning the transfer and valuation of mineral estates that are drawn from his experience as a closing attorney in Wilkinson County. Id. at 5–6. He notes that in Wilkinson County "the mineral estate has a fair market value separate and apart from the surface estate and is often bought, sold, and leased separately" and that mineral estates "are bought and sold outright and frequently leased multiple times" or "are passed down through family generations for investment purposes." Id. He further observes that mineral rights "[r]outinely . . . have been severed . . . by prior owners in past transactions." Id. at 6. In addition, he opines that, in Wilkinson County, "mineral exploration, development and production is a compatible highest and best use with the surface estate." Id. Mr. Wilkerson also attaches examples of "representative severed mineral transactions," some of which he handled. Id. at 7, 11–78.

The government has moved to exclude Mr. Wilkerson's testimony on the ground that it does not meet the standards set forth in Federal Rule of Evidence ("FRE") 702. Def.'s Mot. at 2–3. Specifically, it contends that his testimony is inadmissible because it consists entirely of legal opinions and conclusions. Id. at 1, 3–5.

FRE 702 provides that:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

The Court understands Plaintiffs' position to be that Mr. Wilkerson has specialized knowledge of Mississippi real estate law, particularly as it pertains to the transfer of mineral estates, their valuation, and the rights of the owners of such estates. Plaintiffs also claim that he has specialized knowledge regarding aspects of the oil and gas market in Wilkinson County, derived from his lengthy experience handling surface and mineral transactions there.

Plaintiffs state that they intend to call Mr. Wilkerson as a witness to "testify as to the legal and regulatory framework on which oil and gas interests are transacted in Mississippi and provide necessary explanatory background to support the appraisals." Pls.' Resp. to Def.'s Mot. ("Pls.' Resp.") at 1, ECF No. 174. Specifically, they state that they will have him "explain aspects of the market for oil and gas interests in Wilkerson County, including" that: 1) "[t]he mineral estate has a fair market value separate and apart from the surface estate and is generally bought, sold, or leased separately"; 2) "[i]n surface sale transactions, any mineral interest owned by the grantor is generally reserved and not sold as part of the fair market value paid for the surface estate"; 3) "[i]t is reasonable and proper to separately value the mineral estate from the surface estate"; and 4) "[m]ineral exploration is a compatible highest and best use with the surface estate." Id. at 6–7.

The government objects that Mr. Wilkerson's report reflects that Plaintiffs intend that he "sit in place of the Court and draw legal conclusions." Def.'s Mot. at 1. It observes that FRE 702 does not allow expert testimony "about what the law is or that purports to advise a court on how to apply the law to the facts of a case." Id. at 4 (citing Stobie Creek Invs. LLC v. United States, 608 F.3d 1366, 1383 (Fed. Cir. 2010); Fed. R. Evid. 702).

The Court agrees that it is not the role of an expert witness to provide opinions about what the law is or how it applies to a particular situation. See, e.g., Burkhart v. Wash. Metro. Area Transit Auth., 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge"). But it does not understand Plaintiffs to be offering Mr. Wilkerson as an expert as to the proper interpretation of Mississippi law or the application of such law to the facts in this case. As the Court understands it, his testimony is proffered to provide information about the market for oil and gas interests in Wilkinson County in support of the appraisals that other experts will perform. The brief discussion of Mississippi law pertaining to surface and mineral estates that is in his report serves as background for understanding that market.

Experts "may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible." Lewis v. N.M. Dep't of Health, 275 F. Supp. 2d 1319, 1331 (D.N.M. 2003) (quoting Unites States v. Oles, 994 F.2d 1519, 1523 (10th Cir. 1993). For example, in Katzin v. United States, the court permitted the plaintiffs to offer the testimony of an expert in title registration under Puerto Rican law to establish their ownership of certain parcels of land. 120 Fed. Cl. 199 (2015). The court found his testimony admissible under FRE 702 because it was helpful to the court's "understanding the foundational facts at issue in the case." Id. at 212. The testimony, the court agreed, would help it "navigat[e] the complex century-long chain of title in [the] case (much of which is in Spanish)." Id. (first alteration in original)

(quoting Pls.' Opp'n to Def.'s Mot. to Strike at 12, Katzin v. United States, 120 Fed. Cl. 1999 (2015) (No. 12-384), ECF No. 54); see also Katzin v. United States, 124 Fed. Cl. 122, 124 (2015) (noting that the expert's opinion would "provide a potentially useful factual explication of the historical context affecting the original grants and reservations of land and the scope of the resulting title and subsequent transfers surrounding the property at issue").

Notably, in Katzin, the court allowed an expert to opine about ultimate questions of law concerning the establishment of land ownership. In this case, Mr. Wilkerson's report offers no opinion about ultimate legal issues. Instead, his opinions concern how the market for mineral interests functions in Wilkinson County. His reference to well-established legal principles as the foundation for that testimony does not affect its admissibility.

The government notes that the opinions in Mr. Wilkerson's report do not address any of the properties in the case, including the bellwether properties. Def.'s Mot. at 4–5. It contends that Mr. Wilkerson's "general statements" do not reflect the application of "reliable principles and methods" to the facts of this case and are too "conclusory" to assist the Court in understanding the evidence or determining a fact in issue, rendering the report inadmissible under FRE 702. Id. at 5.

The Court agrees with the government that it is not clear from Mr. Wilkerson's report how his testimony regarding the oil and gas market in Wilkinson County relates to the particular facts in dispute in this case. It is also unclear how his testimony would assist the Court in understanding those facts or resolving any factual disputes. Nor is it apparent why the matters to which he would testify would not be duplicative of the subject matter covered by appraisers called to testify about the value of Plaintiffs' property interests.

But whether Mr. Wilkerson's testimony meets the relevance and "reliable principles and methods" requirements of FRE 702 can be addressed down the road. The case is still in discovery and the Court agrees with Plaintiffs that it would be premature to make admissibility decisions based on those requirements now.

## CONCLUSION

For the forgoing reasons, the government's Motion to Exclude the Testimony and Opinions of Plaintiffs' Expert David Wilkerson, ECF No. 173, is **DENIED**.

    IT IS SO ORDERED.

    s/ Elaine D. Kaplan
    ELAINE D. KAPLAN
    Chief Judge